IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARETHETTA MING-LEWIS : | |
| : | |
| v. : | |
| : | Civil Action No. CCB-05-1412 |
| THE STANDARD FIRE INSURANCE : | |
| COMPANY, t/a TRAVELERS PROPERTY : | |
| AND CASUALTY : | |

...o0o...

### MEMORANDUM

Now pending before the court are plaintiff Arethetta Ming-Lewis's motion to remand and motion to amend her complaint and defendant The Standard Fire Insurance Company's motion for partial dismissal. Plaintiff has moved to remand this case to the Circuit Court of Maryland for Baltimore City. She asserts that removal to federal court is improper because pursuant to the "direct action" provision in 28 U.S.C. § 1332(c)(1), the parties are non-diverse. The Standard Fire Insurance Company moved to dismiss Count II of the complaint, which alleges "tort arising out of breach of contract," for failure to state a claim. Ming-Lewis then moved to amend her complaint to add new claims. For the reasons stated below, plaintiff's motions will be denied and defendant's motion will be granted.

### BACKGROUND

On June 27, 2003, a wall of Arethetta Ming-Lewis's ("Ming-Lewis") home collapsed. (Def.'s Mot. for Partial Dismissal at 2.) Ming-Lewis made a claim for repairs under her property insurance policy with The Standard Fire Insurance Company ("Standard Fire"). (Compl. at ¶¶ 4-5.) Standard Fire refused to pay any of Ming-Lewis's claims. Ming-Lewis alleges that because Standard Fire did not pay her claim, she was not able to make her mortgage payments to Mortgage Service Center PHH ("MSC") and her home was foreclosed. (Def.'s Mot. for Partial

Dismissal at 2.)  Ming-Lewis claims that she also lost her personal property due to theft and her displacement.  (Compl. at ¶ 9.)  Ming-Lewis brought this suit in the Circuit Court of Maryland for Baltimore City seeking to recover for Standard Fire's alleged breach of contract and for torts arising out of that breach of contract.  Ming-Lewis demands one million nine hundred thousand dollars, plus interest and costs for her breach of contract claim, and one million dollars in compensatory damages with three million dollars in punitive damages, plus costs and other relief for her tort claim.

Ming-Lewis is a resident of Baltimore City, Maryland.  (Compl. at ¶1.)  Standard Fire is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  (Not. of Removal at ¶ 3.)  On May 24, 2005, Standard Fire removed the case to this court pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

## ANALYSIS
### I.

28 U.S.C. § 1332 (c)(1) provides:
> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Ming-Lewis argues that Standard Fire is a citizen of Maryland, where its "insured is a citizen." This statute, however, does not include a plaintiff's suit against her own insurer under the contract.  Roby v. General Tire & Rubber Co., 500 F.Supp. 480, 484 (D.Md. 1980); see also Corn v. Precision Contracting, Inc., 226 F.Supp.2d 780, 782 (W.D.N.C. 2002); 32A Am. Jur.2d Federal Courts § 828.

Ming-Lewis's claim against Standard Fire is a first party claim on a homeowner's policy. This lawsuit does not qualify as a direct action against a liability insurer within the coverage of 28 U.S.C. § 1332(c)(1). Thus, the court has diversity jurisdiction and Ming-Lewis's motion to remand will be denied.

## II.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted); Stratagene v. Parsons Behle & Latimer, 315 F.Supp.2d 765, 772 (D.Md. 2004). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Edwards, 178 F.3d at 244.

Count II of the complaint alleges "tort arising out of breach of contract." "The mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." Mesmer v. Maryland Auto. Ins. Fund, 725 A.2d 1053, 1059 (Md. 1999)(quoting Heckrotte v. Riddle, 168 A.2d 879, 881-882 (Md. 1961)). Specifically, there is no tort action for the bad faith failure of an insurer to pay a first party claim. Schaefer v. Aetna Life & Cas. Co., 910 F.Supp. 1095, 1100

(D.Md. 1996)(quoting Johnson v. Federal Kemper Ins. Co., 536 A.2d 1211, 1213 (1988)).  There is also no tort action for the insurer's methods of handling the policyholder's claim.  McCauley v. Suls, 716 A.2d 1129, 1133 (Md. 1998).

Ming-Lewis contends that Maryland has recognized hybrid causes of action that contain elements of both tort and contract and allow punitive damages to be awarded upon a showing of actual malice.  As Judge Hargrove of this court ruled, however, "[a] review of Maryland cases demonstrates that disputes between an insurer and insured do not belong in the category of hybrid contract/tort claims.  Instead, they are quintessential disagreements over the application and enforcement of a contract."  Stephens v. Liberty Mutual Fire Insurance Co., 821 F.Supp. 1119, 1122 (D.Md. 1993).  The acknowledged hybrid cases involved "traditional or 'pure' torts where the tortfeasor and the victim happen to share a contractual relationship."  Id. at 1123.  Like the plaintiff in this case, Stephens involved plaintiffs who were refused coverage by their homeowners' insurance company after a fire damaged their home and personal property.  Id. at 1119.  Because the Stephens plaintiffs did not allege an independent tort other than their insurer's non-performance of its contractual obligations, their claims were not considered part of the hybrid category. Id. at 1123.  The same is true for Ming-Lewis.

Further, Ming-Lewis has moved to amend her complaint to add claims for promissory estoppel, negligent misrepresentation, and unfair trade practices arising out of the same facts as count I.  The motion will be denied as futile, because the proposed new claims would be subject to dismissal for the reasons stated in the defendant's opposition.  See County Com'rs of Caroline County v. J. Roland Dashiell & Sons, Inc., 747 A.2d 600, 607 (Md. 2000); Shipe v. Chesapeake Bay Fishing Parties, Inc., 940 F.Supp. 130, 134 (D.Md. 1996); Mesmer, 725 A.2d at 1061;

4

<u>Connecticut Gen. Life Ins. Co. v. Insurance Com'r for the State of Md.</u>, 810 A.2d 425, 427-428 (2002).

For the reasons stated above, Ming-Lewis's motion to remand and motion to amend will be denied, and Standard Fire's motion for partial dismissal will be granted.

A separate order follows.

<u>August 10, 2005</u>  /s/
   Date                                Catherine C. Blake
                                         United States District Judge